IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, SOUTHWESTERN DIVISION

| | |
|---|---|
| P. A.,<br>By and through her Next Friend,<br>Teresa Allen,<br><br>AND,<br><br>K. E.,<br>By and through her Next Friend,<br>Kelly England,<br><br>Plaintiffs,<br><br>VS.<br><br>SENECA R-VII SCHOOL DISTRICT &<br>BOARD OF EDUCATION,<br><br>MR. WAYNE BLAYLOCK, as a member<br>and in his individual capacity,<br><br>MR. BRITT BURR, as a member and in<br>His individual capacity,<br><br>MR. JOE CUPUTO, as a member and in<br>his individual capacity,<br><br>MR. ROGER ROBERTSON, as a member<br>and in his individual capacity,<br><br>MR. DAVID PICKERING, as a member<br>and in his individual capacity,<br><br>MR. GARY LITTLE, as a member and in<br>his individual capacity,<br><br>MR. TERYL MALONE, as a member and<br>in his individual capacity,<br><br>RICHARD COOK, as Superintendant<br>of said District and in his individual<br>capacity, | CIVIL ACTION<br>CASE NO.: _____<br><br>JURY TRIAL DEMANDED |

1

| | )|
|---|---|
| AND, | ) |
| | ) |
| TOSHA FOX, as Principal of said | ) |
| District and in her individual capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiffs, P. A. and K. E., by their Next Friends and through The Law Office of Jason Shackelford, P.C., to seek redress for the deprivation of their federally and state-protected rights, and invasion of their privacy, for their causes of action allege and state as follows:

### I. STATEMENT OF JURISDICTION

1. That, this action is brought pursuant to this Honorable Court's original jurisdiction over all cases and matters, with such jurisdiction and authority bestowed by and through, but not limited to:

   A. 28 U.S.C. §1331, since this case arises under the Constitution and laws of the United States of America;

   B. 28 U.S.C. §1343, since the Plaintiffs seek redress for deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured by the Constitution of the United States or by Act of Congress providing for equal rights of citizens and all persons similarly situated within the jurisdiction of the United States.

   C. The State and Federal law claims asserted herein arise from a common nucleus of operative fact and Defendants are state actors.

## II. STATEMENT OF VENUE

2. That, venue is proper in the United States District Court for the Western District, Southwestern Division, under 28 U.S.C. §1391(b) because:

   A. all Defendants reside within said venue;

   B. a substantial part of the events or omissions giving rise to the claims occurred within said venue.

## III. PARTIES TO THE CLAIM

3. That, the Next Friends of the Plaintiffs are of direct blood relation and a respective parent of said child.

4. That, Plaintiff P.A. was and remains at all times material hereto a citizen of the State of Missouri and domiciliary of Newton County and resides with said Next Friend, Teresa Allen.

5. That, Plaintiff K.E. was and remains at all times material hereto a citizen of the State of Missouri and domiciliary of Newton County and resides with said Next Friend, K.E..

6. That, the Seneca R-VII School District Board of Education (hereinafter referred to as the "District") was at all times material hereto situate within Newton County, Missouri.

7. That, Defendant Mr. Wayne Blaylock was at all times material hereto a board member of the said school district and a resident of Newton County, Missouri.

8. That, Defendant Mr. Britt Burr was at all times material hereto a board member of the said school district and a resident of Newton County, Missouri.

9. That, Defendant Mr. Joe Cuputo was at all times material hereto a board member of the said school district and a resident of Newton County, Missouri.

10. That, Defendant Mr. Roger Robertson was at all times material hereto a board member of the said school district and a resident of Newton County, Missouri.

11. That, Defendant Mr. David Pickering was at all times material hereto a board member of the said school district and a resident of Newton County, Missouri.

12. That, Defendant Mr. Gary Little was at all times material hereto a board member of the said school district and a resident of Newton County, Missouri.

13. That, Defendant Mr. Teryl Malone was at all times material hereto a board member of the said school district and a resident of Newton County, Missouri.

14. That, Defendant Rick Cook was at all times material hereto the Superintendant of the District and a domiciliary of Newton County, Missouri.

15. That, Defendant Tosha Fox was at all times material hereto the Principal of the District's High School and a domiciliary of Newton County, Missouri.

## IV. STATEMENT OF THE CASE

16. That, on or about June 9 and 10, 2010 the Plaintiffs were informed that they would be removed from the District Cheer Squad immediately.

17. That, on or about June 9 and 10, 2010 the Plaintiffs were notified by District employee Ms. Onstot to report to said Principal's office.

18. That, on said date the Plaintiffs were disciplined for conduct alleged to have occurred off District property, while school was not in session, and not otherwise related to school events, activities, or associations.

19. That, on said date the Superintendant, Mr. Cook, was contacted by Plaintiff England and her mother with no relief.

4

20. That, throughout the months that followed, the Plaintiffs were subjected to accusations and disciplinary decisions (punishment) by District employees that was not provided for in the District Policies and Procedures.

21. That, the Plaintiffs were punished for conduct alleged, but yet not proven in any administrative hearing or court of law, to have occurred off campus and not on school time.

22. That, the Defendants acted under color of law as state actors in their official capacities and in their individual capacities.

23. That, the Plaintiffs are required to carry their "papers", also known as the Seneca High School Action Agenda or school handbook, on their persons at all times or suffer compulsory purchase of additional handbooks.

24. That, the District requires the Plaintiffs to have special permission to use the student restroom.

25. That, the District, through its employee Tosha Fox, has humiliated the Plaintiffs by calling special attention to them before a gathering of students (during the month of August 2010) and providing information to the *Seneca News Dispatch*, a local newspaper, on or about the 30th of June, 2010.

26. That, the District has unlawfully sought to require the Plaintiffs to sign a bullying contract.

27. That, no "good citizenship rule" was in effect or operative at the time of the alleged offenses.

28. That, due to the Defendants' malicious and wanton conduct, the Plaintiffs were denied due process.

5

29. That, the District did not have any right or privilege to discipline the Plaintiffs for the behavior alleged.

30. That, the Plaintiffs committed no violation of law under the Missouri Safe Schools Act.

31. That, the Plaintiffs exhausted their administrative remedies with the District.

32. That, the Plaintiffs were not within the purview of the Missouri State High School Activities Association.

33. That, said District and its Defendant employees acted under color of Missouri law in their official capacities as school administrators and board members to cause the Plaintiffs to be subjected to the deprivation of rights, privileges, and immunities secured by the Constitution and State and Federal laws.

34. As a result of the inappropriate, arbitrary, capricious, and unlawful disciplinary actions, **Plaintiff P.A.** suffered and continues to suffer:

> A. Removal from her position as "Captain" off of the District's cheerleading squad;
>
> B. A threat of preclusion from a position as a Top All American Cheerleader;
>
> C. Removal from her position as the Vice President of the Future Farmers of America, District Chapter;
>
> D. Threat of removal from her position as a member of the National Honor Society;
>
> E. Alienation from Students;
>
> F. Alienation from Fellow Cheerleaders;
>
> G. Preclusion from certain scholarships;

6

H. Preclusion from employment as a cheerleader at various cheerleading camps; and,

I. Loss of an environment which fosters full educational benefit and learning.

35. As a result of the inappropriate, arbitrary, capricious, and unlawful disciplinary actions, **Plaintiff K.E.** suffered and continues to suffer:

A. Removal from her position as a competing member of the District's cheerleading squad;

B. Alienation from Students;

C. Alienation from Fellow Cheerleaders; and,

D. Loss of an environment which fosters full educational benefit and learning.

36. That, the Plaintiffs were denied a meaningful opportunity to be heard in relation to their grievances for violation of their federal and state constitutional and statutory rights which include, but are not limited to, their right to:

A. an education pursuant to Missouri Constitution, Article 9, §1(a) and R.S.Mo. §160.051;

B. be secure in their property and not be deprived of the same without due process of law pursuant to the U.S. Constitution, 14th Amendment;

C. free speech pursuant to the U.S. Constitution, 1st Amendment;

D. association, pursuant to the U.S. Constitution, 1st and 14th Amendments; and,

E. privacy.

37. That, said District and its employees acted under color of Missouri law to cause the Plaintiffs to be subjected to the deprivation of rights, privileges, and immunities secured by

7

the Constitution and State and Federal laws and said violations were severe and so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience.

38. That, the legal rights referenced herein are clearly established.

## COUNT I. VIOLATION OF PLAINTIFF P.A.'S RIGHT TO PUBLIC EDUCATION

39. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

40. That, the Missouri Constitution, Article 9, §1(a) and R.S.Mo. §160.051, guarantees the Plaintiff the clearly established right of a public education.

41. That, the Defendants violated that right by creating a hostile environment which, in turn, has resulted in the loss of an environment that fosters full educational benefit and learning.

42. That, therefore, the Plaintiff has suffered a loss of educational benefit and learning.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT II. VIOLATION OF PLAINTIFF K.E.'S RIGHT TO PUBLIC EDUCATION

43. That, the Plaintiffs incorporates by reference paragraphs 1 through 29.

44. That, the Missouri Constitution, Article 9, §1(a) and R.S.Mo. §160.051, guarantees the Plaintiff the clearly established right of a public education.

45. That, the Defendants violated that right by creating a hostile environment which, in turn, has resulted in the loss of an environment that fosters full educational benefit and learning.

46. That, therefore, the Plaintiff has suffered a loss of educational benefit and learning.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT III. VIOLATION OF PLAINTIFF P.A.'S
## RIGHTS TO DUE PROCESS OF LAW

47. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

48. That, the Plaintiff was not provided by the District with a meaningful opportunity to be heard.

49. That, the Plaintiff was deprived of her property without due process of law.

50. That, the Plaintiff was not provided with the opportunity to retain counsel for any hearing before the District's Board of Education.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT IV. VIOLATION OF PLAINTIFF K.E.'S
## RIGHTS TO DUE PROCESS OF LAW

51. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

52. That, the Plaintiff was not provided by the District with a meaningful opportunity to be heard.

53. That, the Plaintiff was deprived of her property without due process of law.

54. That, the Plaintiff was not provided with the opportunity to retain counsel for any hearing before the District's Board of Education.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT V. VIOLATION OF PLAINTIFF P.A.'S FREE SPEECH RIGHTS

55. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

56. That, by disciplining (punishing) the Plaintiff for an alleged act of speech, the Defendants violated the Plaintiff's right to freedom of speech.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT VI. VIOLATION OF PLAINTIFF K.E.'S

## FREE SPEECH RIGHTS

57. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

58. That, by disciplining (punishing) the Plaintiff for an alleged act of speech, the Defendants violated the Plaintiff's right to freedom of speech.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT VII. VIOLATION OF PLAINTIFF P.A.'S

## RIGHT TO FREEDOM OF ASSOCIATION

59. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

60. That, the District denied the Plaintiff the right of association with other school children, other cheerleaders, and entities related to the sport and business of cheerleading.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT VIII. VIOLATION OF PLAINTIFF K.E.'S

## RIGHT TO FREEDOM OF ASSOCIATION

61. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

62. That, the District denied the Plaintiff the right of association with other school children, other cheerleaders, and entities related to the sport and business of cheerleading.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

## COUNT IX. VIOLATION OF P.A.'S RIGHT TO PRIVACY

63. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

64. That, the Defendants intentionally intruded upon the Plaintiff's privacy.

65. That, the intrusion was upon the Plaintiff's private affairs.

66. That, the intrusion was unreasonable.

67. That, the intrusion is highly offensive to the reasonable person.

WHEREFORE, the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

### COUNT X. VIOLATION OF K.E.'S RIGHT TO PRIVACY

68. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

69. That, the Defendants intentionally intruded upon the Plaintiff's privacy.

70. That, the intrusion was upon the Plaintiff's private affairs.

71. That, the intrusion was unreasonable.

72. That, the intrusion is highly offensive to the reasonable person.

WHEREFORE, the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

### COUNT XI. P.A.'S §1983 CLAIM

73. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

74. That, said District and its employees acted under color of Missouri law in their official capacities as school administrators and board members to cause the Plaintiff to be subjected to the deprivation of rights, privileges, and immunities secured by the Constitution and State and Federal laws.

WHEREFORE, the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

### COUNT XII. K.E.'S §1983 CLAIM

75. That, the Plaintiff incorporates by reference paragraphs 1 through 29.

76. That, said District and its employees acted under color of Missouri law in their official capacities as school administrators and board members to cause the Plaintiff to be subjected to the deprivation of rights, privileges, and immunities secured by the Constitution and State and Federal laws.

**WHEREFORE,** the Plaintiff Prays for damages as are determined fair and reasonable, for attorney's fees, costs, punitive damages, expenses herein, and for such other and further relief as the Court deems necessary, just, and proper under the circumstances.

Attorney for Plaintiffs,
The Law Office of Jason Shackelford, P.C.

/s/

Jason A. Shackelford, J.D., Pres.
Missouri Bar No.: 49655
Country Club Professional Suites
1399 East Highway 22, Suite B
P.O. Box 142
Centralia, MO 65240
(573) 682-2501 – Telephone
(573) 682-1906 – Facsimile
E-Mail: JAS@LawOfficeOfJasonShackelfordPC.com

13

Case 3:10-cv-03523-JCE   Document 1   Filed 12/22/10   Page 13 of 13